FILED
RICHARD W. NAGEL
CLERK OF COURT
2017 AUG 21 PM 3:21
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Levert Ervin,

    Plaintiff,

v.                                                               Case No. 2:16-cv-186

Dr. Michael Davis,                     Judge Michael H. Watson

    Defendant.                           Magistrate Judge Vascura

## OPINION AND ORDER

On June 14, 2017, Magistrate Judge Kemp, to whom this case was originally referred, issued a Report and Recommendation ("R&R") recommending that the Court grant Dr. Michael Davis's ("Defendant") motion for summary judgment, ECF No. 16, and deny Levert Ervin's ("Plaintiff") motion for partial summary judgment, ECF No. 9, in this prisoner civil rights case. R&R, ECF No. 19. For the following reasons, the Court **ADOPTS** the R&R.

### I.    FACTS

The R&R sets forth the pertinent facts in this case, which are as follows. Plaintiff is a prisoner at Grafton Correctional Institution ("Grafton"). Defendant is the Religious Services Administrator for the Ohio Department of Rehabilitation and Correction.

In August of 2015, Plaintiff submitted a "request to change religious affiliation" form to the Grafton Chaplain, Ronald Smith ("Chaplain Smith"). Plaintiff sought to change his religious affiliation from Pentecostal Christian to

Natsarim (Messianic Judaism). The request was approved the same day. The warden subsequently approved several religious accommodations for Plaintiff, including permitting Plaintiff to wear a yarmulke, a tallit (prayer shawl), and tzitzits (undergarments with tassles), and to be excused from work duty on the Sabbath.

On December 21, 2015, during the same time frame that the warden was approving certain religious accommodations for Plaintiff, Plaintiff requested to be placed on a kosher diet. Defendant denied that December request, stating that he was "[u]nable to make a determination based on information provided." Defendant denied Plaintiff's request based on Chaplain Smith's recommendation. Davis Decl. ¶ 9, ECF No. 16-1. Chaplain Smith, in turn, recommended that Defendant deny Plaintiff's December 2015 request because Defendant had denied a prior, September 2015, request of Plaintiff's for a kosher diet. *Id.* ¶ 9–10; Resp. Ex. A, ECF No. 16-4. Defendant had also denied Plaintiff's September 2015 request based on the recommendation of Chaplain Smith, which recommendation stated that, when he interviewed Plaintiff about the request, Plaintiff appeared to change his mind and asked that the request be torn up. Davis Decl. ¶ 11, ECF No. 16-1; Resp. Ex. C, ECF No. 16-6; Resp. Ex. D, ECF No. 16-7.

Plaintiff again requested a kosher diet on March 18, 2016. Defendant approved that request based on Chaplain Smith's recommendation. Resp. Ex. F, ECF No. 16-9.

Plaintiff alleges that, in denying Plaintiff's December 2015 request for a kosher diet, Defendant violated Plaintiff's First and Fourteenth Amendment rights as well as the Religious Land Use Institutionalized Persons Act ("RLUIPA"). Plaintiff sues Defendant in his individual and official capacities. Plaintiff seeks a declaratory judgment, the award of compensatory and punitive damages, and an injunction requiring Defendant to place Plaintiff on a kosher diet.

## II. STANDARD OF REVIEW

Magistrate Judge Kemp issued the R&R pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). Under Rule 72(b), the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## III. ANALYSIS

The R&R recommended the Court grant summary judgment for Defendant on all of Plaintiff's claims.

### A. RLUIPA

The RLUIPA states in pertinent part:

[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). As Magistrate Judge Kemp correctly explained, the RLUIPA does not provide a cause of action against defendants in their individual capacities. *Colvin v. Caruso*, 605 F.3d 282, 288 (6th Cir. 2010). Accordingly, summary judgment is warranted for Defendant on Plaintiff's individual-capacity RLUIPA claim.

Plaintiff's official-capacity RLUIPA claim also fails. As stated above, Plaintiff seeks a declaratory judgment, damages, and injunctive relief. "[M]oney damages are not available under RLUIPA." *Colvin*, 605 F. 3d at 288 (citation omitted). Moreover, Plaintiff's requests for declaratory judgment and injunctive relief are moot because Plaintiff's application for a kosher diet was eventually approved. *See id.*

Upon *de novo* review, the Court **ADOPTS** the R&R's recommendation as to Plaintiff's RLUIPA claims and **GRANTS** summary judgment to Defendant on both the individual- and official-capacity claims.

### B. 42 U.S.C. § 1983

Plaintiff also brings claims under §1983 for alleged violations of his First and Fourteenth Amendment rights. Plaintiff's claims for declaratory and injunctive relief remain moot with respect to these claims as well. *See Colvin*, 605 F. 3d at 289. Accordingly, the Court considers only whether Plaintiff is entitled to damages for any violation of his civil rights under § 1983.

Plaintiff's official-capacity § 1983 claims for violations of the First and Fourteenth Amendment are barred by sovereign immunity. "The Eleventh Amendment bars §1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) (internal citation omitted). Section 1983 claims against Defendant in his official capacity for money damages are therefore barred by sovereign immunity. Moreover, the Court need not consider whether Defendant waived his right to assert the defense of sovereign immunity by not raising it in his summary judgment motion[1] because the Court can raise the issue *sua sponte*. *See Colvin*, 605 F. 3d at 290 (citing *Cady v. Arenac Cty.*, 574 F.3d 334, 344 (6th Cir. 2009)). Thus, the Court turns to Plaintiff's only remaining claims—his individual-capacity § 1983 claims.

> Section 1983 states in relevant part:
>
> [e]very person who, under color of any statute, regulation, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States, shall be liable to the party injured in an action at law, suit in equity, or other proceedings for redress[.]

42 U.S.C. § 1983. To prevail on a claim under § 1983, a plaintiff must show that a person acting under color of law deprived him of his rights secured by the United States Constitution or its laws. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). Plaintiff's § 1983 claims allege violations of his

---

[1] Defendant raised sovereign immunity in his Answer. Answer ¶ 5, ECF No. 7.

First Amendment right to freely exercise his religion and Fourteenth Amendment right to equal protection of the laws

### 1. First Amendment

Plaintiff alleges that Defendant's denial of Plaintiff's December 2015 kosher meal request violated his First Amendment right to freely exercise his religion. Even assuming Defendant violated Plaintiff's First Amendment right to freely exercise his religion—which the Court does not hold—Defendant is entitled to qualified immunity on this claim.

Qualified immunity is an affirmative defense to a § 1983 suit. "'[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The central purpose of affording public officials qualified immunity from suit is to protect them from undue interference with their duties and from potentially disabling threats of liability." *Id.* (quoting *Elder v. Holloway*, 510 U.S. 510, 514 (1994) (internal quotations omitted)). Qualified immunity involves an objective legal reasonableness standard that analyzes "claims of immunity on a fact-specific, case-by-case basis to determine whether a reasonable official in the defendant's position could have believed that his conduct was lawful, judged from the

perspective of the reasonable official on the scene." *Kowolonek v. Moore*, No. 10-5398, 2012 WL 573996, at *3 (6th Cir. 2012) (internal quotation omitted).

"In reviewing claims for qualified immunity, [courts] conduct a two-step analysis." *Id.* (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). In step one, [courts] consider whether "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right." *Scott*, 550 U.S. at 377 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If the answer is no because the facts alleged fail to establish a constitutional violation, then the inquiry ends, and the officer is entitled to qualified immunity. *Saucier*, 533 U.S. at 201. If the answer is yes, the second step is to determine "whether the right was clearly established . . . in light of the specific context of the case." *Id.* (quoting *Saucier*, 533 U.S. at 201).

"For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003) (internal citations omitted). Although the sequence of this two-step inquiry is often appropriate, it is no longer mandatory. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

Even assuming Plaintiff's First Amendment right was violated, however, it was not clearly established that Defendant's denial of Plaintiff's December 2015 request amounted to a constitutional violation.

Not all Natsarim keep kosher. Davis Decl. ¶ 7, ECF No. 16-1. Defendant denied Plaintiff's September 2015 meal request, Ex. D, ECF No. 16-7, based on the recommendation of Chaplain Smith, who notified Defendant that Plaintiff had earlier requested a kosher diet but had changed his mind during an interview and had asked Chaplain Smith to tear up the request. Ex. C, ECF No. 16-6. It was reasonable for Defendant to rely on Chaplain Smith's subsequent recommendation to deny Plaintiff's December 2015 request based on the prior disposition, and there was no reason for Defendant to know that denying a request that an inmate himself had previously rescinded would violate the inmate's right to freely exercise his religion, especially given that some Natsarim freely exercise their religion without following a kosher diet.

Plaintiff's objections that his religious beliefs were sincere and that he was precluded from participating in the 2016 Passover and Feast of Unleavened Bread do not affect the Court's analysis that any violation was not clearly established. Accordingly, the Court **ADOPTS** the R&R's recommendation as to Plaintiff's First Amendment claim and **GRANTS** summary judgment to Defendant on the same.

### 2. Fourteenth Amendment

Plaintiff also claims that he was denied equal protection of the law in violation of the Fourteenth Amendment. Prisoners are not a suspect class, *Jackson v. Jamorg*, 411 F.3d 615, 619 (6th Cir. 2005) (citation omitted), and Plaintiff instead pursues a "class of one" claim. In order to succeed on his

Fourteenth Amendment equal protection claim, Plaintiff must show that he was intentionally treated differently than similarly-situated prisoners and that there was no rational basis for the difference in treatment. *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 461 (6th Cir. 2011) (citation omitted).

Plaintiff's equal protection claim fails because he has not shown that he was treated differently than similarly-situated prisoners. Plaintiff argues that several other prisoners were granted kosher diets after they filed civil lawsuits seeking the same, but that does not mean that Defendant treated Plaintiff differently than similarly-situated prisoners at the time Defendant denied Plaintiff's December 2015 request. First, the Court takes judicial notice of the fact that the lawsuits Plaintiff refers to were not against Defendant. Second, and more to the point, Defendant declared that his denial of Plaintiff's December 2015 request for kosher diet was based on Chaplain Smith's recommendation that the request should be denied. Davis Decl. ¶ 11, ECF No. 16-1. Plaintiff has provided no evidence that Defendant had approved requests for religious accommodations for other inmates over the recommendation of a chaplain against doing so. As such, he has failed to establish that Defendant intentionally treated Plaintiff differently than similarly-situated prisoners, and Plaintiff's § 1983 equal protection claim fails. The Court **ADOPTS** the R&R's recommendation as to this claim and **GRANTS** summary judgment on the same to Defendant.

## IV. CONCLUSION

Upon *de novo* review, the Court **ADOPTS** the R&R and **GRANTS** summary judgment to Defendant on all claims. The Clerk shall enter judgment for Defendant and terminate the case.

**IT IS SO ORDERED.**

*[signature]*

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT